UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK CROW; LORRIE CROW; MATTHEW
WIECECK; and Minors AMANDA CROW and
JAMES CROW, by their Next Friend LORRIE
CROW,

      Plaintiffs,

v.

DORIA RHONE, individually, and in her official
capacity,

      Defendant.
      _____/

Case No. 09-14497

Honorable John Corbett O'Meara

# OPINION AND ORDER
## DENYING DEFENDANT'S JANUARY 15, 2010 MOTION TO DISMISS

This matter came before the court on defendant Doria Rhone's January 15, 2010 motion to dismiss. Plaintiffs filed a response February 5, 2010; and Defendant filed a reply February 24, 2010. Oral argument was heard April 1, 2010. For the reasons that follow, the motion will be denied.

## BACKGROUND FACTS

Plaintiff Lorrie Crow took her daughter Amanda to a physician on February 13, 2007, because of a skin breakout in her pelvic area. The physician diagnosed Amanda's condition as Herpes Simplex-1 (HSV-1) and filed a report with Child Protective Services concerning possible sexual abuse of Amanda. Child Protective Services assigned defendant Doria Rhone to investigate the case.

Although Rhone scheduled a home visit, she did not attend. However, Rhone did remove Amanda and her brother plaintiff James Crow from their classes at school to question them on more

than one occasion. Rhone also scheduled a forensic interview with the Taylor City Police. At all of the interviews, Amanda denied being abused.

Rhone further requested that the entire Crow family be tested for HSV-1 and scheduled a third interview with Amanda. Two weeks later, Rhone again requested that parents be tested for HSV-1, but they refused. In addition, Rhone conducted a round table meeting to discuss the Crow children's well-being and invited the parents; however, they did not attend. The following day, Rhone filed an *ex parte* petition with the Wayne County Juvenile Court to remove the Crow children to protective custody. The court granted the request and issued an order of detention. The next day, the Wayne County Sheriff's Department executed the order and removed the children from the home. Rhone also placed the father, plaintiff Frank Crow, on the offender registry for suspected child abuse.

Ten days later, the Wayne County Juvenile Court held a probable cause hearing, at which time the State of Michigan dismissed the case, admitting that probable cause did not exist. The children were returned to the Crows' custody the following day.

In addition, during the investigation, Rhone filed a police report against plaintiff Frank Crow, stating that he had harassed Child Protective Services workers and threatened to "shoot up the place." He was arrested for disorderly conduct; however, that charge was also later dropped for lack of probable cause.

Plaintiffs filed this action alleging claims for violations of the Fourth Amendment in Count I, violations of the Fourteenth Amendment in Count II, negligent infliction of emotional distress in Count III, and negligence in Count IV. Counts III and IV have been previously dismissed by the court.

## LAW AND ANALYSIS

Defendant argues that the case should be dismissed because she is entitled to absolute immunity in her capacity as a social worker investigating an allegation of sexual abuse against a child. In the alternative, she argues that the action against her is barred by qualified immunity.

The United States Court of Appeals has extended absolute immunity, which traditionally had been reserved for judges and prosecutors, to other officials involved in the criminal process and whose functions are equivalent to those of judges and prosecutors. Achterhof v. Selvaggio, 886 F.2d 826 (6th Cir. 1989). However, the Achterhof court was clear in distinguishing "functions intimately associated with the judicial process" and "duties which are administrative or investigatory." Id. at 829. "Moreover, 'the courts of appeals have generally held that prosecutors acting in their investigative or administrative capacities merit only qualified immunity.'" Id. (quoting Windsor v. The Tennessean, 719 F.2d 155, 164 (6th Cir. 1983)). The Achterhof court continued, "In accord with this approach, we have recognized that social workers who *initiate judicial proceedings* against those suspected of child abuse or neglect perform a prosecutorial duty, and so are entitled to absolute immunity." Id. at 830 (emphasis added). "We have not, however, decided what level of immunity applies to social workers who simply begin an investigation of alleged child abuse." Id.

In this case the actions allegedly taken by defendant Rhone were investigatory in nature. Particularly in this case, in which Plaintiffs allege that Defendant falsified a petition in order to remove the children from the home, Defendant is not entitled to absolute immunity.

At this point the court is unable to discern whether Defendant is entitled to qualified immunity. The motion to dismiss was filed shortly after the case itself was filed; therefore, there has been no

discovery taken. Accordingly, the court will deny without prejudice the portion of defendant Rhone's motion to dismiss based on the doctrine of qualified immunity.

## ORDER

It is hereby **ORDERED** that defendant Rhone's motion to dismiss based on absolute immunity is **DENIED.**

It is further **ORDERED** that defendant Rhone's motion to dismiss based on qualified immunity is **DENIED WITHOUT PREJUDICE.**

s/John Corbett O'Meara
United States District Judge

Date: April 15, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 15, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager